cause of action against the complainant, which he could assign? Merely as acceptor or surety, he had none. But if he had paid Maher, after the certificate of bankruptcy of Greenleaf, a cause of action would then, and not before, have accrued; and this, being subsequent to the certificate, would not have been barred by it. This seems to be so obvious, that it can only be necessary to notice the objections to it.

It is said that Smith has given satisfactory security to Maher, which is equivalent to a payment. What is this security? As to his claims upon Poulteney & Hornsby, and upon the French government, it does not appear, nor is it pretended, that they have produced, or are likely to produce, one shilling; and if they never should, Smith can be in no worse condition than if he had not given the deed. If the first deed was equivalent to satisfaction and payment, then this took place before the certificate, which would be fatal to the claim. The other security is this very debt, in which, as before observed, Smith had no interest, until he had first paid Maher. If Maher had gratuitously released Smith, could the latter have recovered against Greenleaf, as for money paid to his use? Certainly not. It is said, that Greenleaf is bound to indemnify Smith. This is not the fact; but if it were, the action of Smith must have been for a breach of that contract, and not for money paid for his use, which was never paid. It is said, that Greenleaf, being complainant in equity, must do equity; and this equity consists in paying or indemnifying Smith. But this is begging the whole cause. It is the very thing which Greenleaf says, and very justly too, he is not bound to do; and it is to be relieved against such a claim, that he comes into this court. As to the payment, said by Jackson, the witness, to have been made in 1808, it was after this cause was for hearing, and it comes in too questionable a shape to be accredited now. It is obvious, that the whole object is to vest in Maher a right to recover against Greenleaf, where alone he has a chance to get any thing. He would therefore care very little about giving a receipt for ten times the amount of the property transferred; and it is to be observed, that this alleged payment is about nine months before the answer of Maher is sworn to, and yet he does not notice it. Besides, although we have the testimony of the witness, we have not that of the defendants, in order to ascertain the reality of this payment. If, however, this payment has been bona fide made, and is a real transaction, and still further, if the trust property should turn out productive, or Smith should be enabled to pay Maher, it would be inequitable to bar the right of Smith to proceed at law upon his judgment, by an absolute decree; and therefore we shall decree a perpetual injunction as to the judgment at law, and as to a transfer of the note given in New-Jersey, under circumstances which require us to prevent it from operating against the persons who gave it. But this decree will be without prejudice to the defendant Smith, in case he should hereafter make payment or other equitable satisfaction to Maher; or in case he should be able to establish the payment made in 1808, to the satisfaction of the court; and leave will be reserved to him, at any future time, to open this decree for these purposes. We shall not decree the New-Jersey note to be delivered to the plaintiffs, or to be cancelled, but to be delivered to the clerk of this court; and reserve for future consideration, in case this decree should be opened, whether Smith should be entitled to the benefit of that security. The costs of this, and the suit at law, to be paid by Smith and Maher.

[See Case No. 5,779.]

## Case No. 5,781.

GREENLEAF v. SCHELL.

[Nowhere reported; opinion not now accessible.]

## Case No. 5,782.

GREENLEAF et al. v. SCHELL.

[6 Blatchf. 225.] [1]

Circuit Court, S. D. New York. Oct. 19, 1868.

CUSTOMS DUTIES—ACTION TO RECOVER PAYMENTS—PROOF OF PROTEST—VERDICT BY CONSENT.

1. In a suit brought against a collector of customs, to recover back duties paid under protest, it is, under the act of February 26, 1845 (5 Stat. 727), an indispensable item of proof, to be made by the plaintiff, on the trial of the suit, that such a protest as that act requires was made.

2. Where the verdict in such a suit is that, by consent of counsel, the jury find for the plaintiff, "for the amount, with interest, of the excess of duties paid under protest, on more than two per cent. commission on all importations specified in the bill of particulars in this cause, from the continent of Europe, except Paris, the amount to be adjusted by the clerk of this court or his deputy," and the clerk reports that, according to his adjustment the plaintiffs are entitled to judgment for a sum named, the report cannot be excepted to on the ground that the duties are shown to have been paid by a certain firm, and that the plaintiffs did not prove before the referee that they composed that firm when the duties were paid, or that they alone paid the duties.

[Cited in Simpson v. Schell, 14 Fed. 287.]

3. Even if such objection be not one which ought to have been taken by plea in abatement, as being an objection that some party who ought to have been joined as a plaintiff in the suit, was not joined, the verdict cures any defect in that regard.

4. Such verdict must be considered as being also an order of reference made by the court and entered in its minutes, and confines the action and duty of the referee to an arithmetical adjustment and computation of amounts, on the basis of computation prescribed in the verdict.

5. Under such verdict, the plaintiff is not required to prove before the referee that the duties were paid under protest.

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]